No. 26.—R. & G. BARKER, plaintiffs in error. *vs.* JAMES N. BETHUNE and DANIEL McDOUGALD, defendants in error.

[1.] Where a claim.case is pending under the provisions of our statute, in the name of R. & G. Barker, for the use of A. B. Davis, administrator of Benjamin P. Tarver, *held,* that on the death of Davis, the suit abated until the legal representative of Tarver was made a party.

Claim. From Muscogee Superior Court. Judge ALEXANDER presiding. May Term, 1847.

At April Term, 1842, of Muscogee Superior Court, the plaintiffs in error, who *petitioned for the use of Arthur B. Davis, administrator of Benjamin P. Tarver, deceased,* obtained a *rule nisi* for the foreclosure of a mortgage made by one James S. Moore and Milton J. Tarver, on certain lots in the city of Columbus. At October Term, 1842, the rule was made absolute, and the property ordered to be sold. On the 30th day of January, 1843, a mortgage *fi. fa.* was issued, which on the 3d day of March, 1846, was levied on the property mortgaged. On the 2d day of June the defendants in error, James N. Bethune and Daniel McDougald, interposed a claim to the property levied on, and the claim was returned to the November Term, 1846, of the Court below.

At that term the claim was tried and the property found subject; and the claimants appealed.

At May Term, 1847, the claimants suggested on the record *the death of said Arthur B. Davis, administrator, &c.*

Whereupon, the Court below ruled that the claim cause should be *suspended, until the personal representative of said Tarver should be made a party.*

To this decision of the Court below, the plaintiffs in error excepted, and assign the same in this Court for error.

JOHNSON & WILLIAMS and G. E. THOMAS for plaintiffs in error, made the following points:

1. Choses in action at common law are not assignable.

2. R. & G. Barker, as plaintiffs, are liable for costs.  2 *Stew. & Por.* 358.

3. Parties need not be made when the death of the party occurs after final judgment and execution issued.  4 *Stew. & Por.* 237; 3 *Gill & Johns.* 359; 2 *U. S. Dig.* 348; 6 *Bac. Ab.* 114.

JONES, BENNING & JONES, for the defendants in error, made the following points:

The representative of B. P. Tarver should be made a party:

1st.  Because B. P. Tarver is the party in interest, and as such is taken notice of in law and equity.

2d.  Because his representative alone could give an acquittance.

3d.  Because he is liable for costs, and not the nominal plaintiffs. 4 *Term R.* 340; 1 *id.* 619, 566; *Bayley on Bills*, 650; 1 *Dall.* 139; 1 *Johns. R.* 531; 2 *Johns. Cas.* 121; 3 *Johns. R.* 425; 11 *id.* 47; 1 *Johns. Cas.* 411; 1 *Johns. R.* 95; 10 *id.* 51; 12 *id.* 543; 4 *id.* 403; 3 *id.* 425; 1 *Johns. Cas.* 51; 15 *Johns. R.* 405; 9 *Cowen* 34; 2 *id.* 540.

*By the Court.*—WARNER, J. delivering the opinion.

The question presented for decision by the record in this case, is, whether the legal representative of Benjamin P. Tarver, for whose use the suit in the Court below is pending, ought to be made a party.  It appears that the plaintiffs in error, R. & G. Barker for the use of Arthur B. Davis, administrator of Benjamin P. Tarver, proceeded to foreclose a mortgage on certain property therein specified, and after such foreclosure, levied the mortgage *fi. fa.* on the mortgaged property, which was claimed by the defendants in error.  Pending the claim case on the appeal, Davis, the administrator of Tarver, departed this life, and the estate of Tarver, for *whose use* the claim case was pending, was unrepresented.

[1.] It is contended, however, by the plaintiffs in error, that as the legal estate is in R. & G. Barker, the case ought to proceed without making the representative of Tarver, for whose use this suit is pending, a party to it.  We cannot bring our minds to that

conclusion. The record discloses the fact, that Tarver's estate is deeply interested in the decision of this suit; indeed, his legal representative may have the entire beneficial interest in its result, and the Barkers be the mere *nominal trustees.* This is not like a case where *final* judgment has been rendered, and the process of execution is proceeding to collect the money, and one of the parties dies; here is a *suit* actually pending under the provision of our statute, originating, it is true, by the levy of an execution, but the rights of the parties so far as it regards the *property* levied on, are to be determined by the judgment which may be rendered in the claim case.

The amount of the original indebtedness for which the judgment was rendered, may not be an open question, but whether the property on which the execution has been levied be subject to be seized and sold in satisfaction thereof, is an open question, which involves the rights of the parties, not only as it regards the main question, but the *costs of the suit* are also involved.

The estate of Tarver has such an interest in the result of the suit, as, in our judgment, would require his legal representative to be made a party to it.

The question has been propounded—suppose the nominal plaintiff should die, ought his legal representative to be made a party? If it should be necessary for the prosecution of the suit, or the protection of the rights and interests involved in it, we think the legal representative should be made a party, as where a promissory note not negotiable on its face, has been transferred by indorsement, so as to vest the equitable interest in the indorsee; yet, the legal title of the paper, as we held in *Read* vs. *Murphy,* 1 *Kelly R.* 236, is in the original payee; and the suit must be brought in his name, for the use of him who has the equitable interest; and in the event of the death of the payee of the note, we apprehend the suit would have to be instituted in the name of his legal representative, for the use of the party who has the equitable interest in the paper. Whenever there exists any doubt as to the propriety of making parties, for the protection of either the legal or equitable rights involved in a suit, the safer course is always to have the legal representatives of the deceased made a party.

Let the judgment of the Court below be affirmed.